UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EDWARD KIMMIE, | ) | CASE NO. 4:05 CV 2083 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| REGINALD WILKINSON, et al., | ) | AND ORDER |
| | ) | |
| Respondents. | ) | |

On August 30, 2005, plaintiff pro se Edward Kimmie filed this action under 42 U.S.C. §1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Reginald Wilkinson, Dr. Bruce Martin, Kay Northrup, K. Freddricks, Ms. Lane, Mr. Voohries, Dr. Halter, Trinet Masternick, R. Baker, Mr. Donahue, Mr. Fulton, Mr. Dunn, Dr. Stabil, and ODRC Chief Inspector Cheryl Martinez.[1] In the complaint, Mr. Kimmie alleges the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He seeks an award of $2,000,000.00, removal of the defendants from their current employment, and a "grant [of] disability." (Compl. at 5.)

---

[1] Mr. Kimmie does not identify the official title of any of the defendants. Based on the allegations in the pleading, it appears that each of the defendants is employed by either the ODRC or the Trumbull Correctional Institution.

*Background*

Mr. Kimmie alleges few facts in his complaint. Most of the pleading is comprised of legal conclusions. He states that Mr. Wilkinson "failed to provide threw [sic] his staff competent medical care." (Compl. at 3.) Dr. Marin and Kay Northrup are alleged, without explanation, simply to be deliberately indifferent to his medical needs. Mr. Voohries, K. Fredericks and Cheryl Martinez are included in this action because they did not respond to Mr. Kimmie's grievances in a way that he found to be favorable. Mr. Kimmie alleges that Ms. Lane "after being made aware of my concerns did nothing." (Compl. at 4.) He states, again without explanation, that Dr. Halter, Dr. Masternick, and Dr. Stabil failed to provide proper medical care. He claims R. Baker used the co-pay requirement to deter him from seeking medical attention and refused to sign him up for sick call. Finally, Mr. Donahue, Mr. Fulton, and Mr. Dunn allegedly conspired to provide false information to medical personnel.

*Exhaustion of Administrative Remedies*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must

exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance.

There is no indication Mr. Kimmie exhausted his administrative remedies for each claim against each defendant. He provides only a copy of a decision of the Chief Inspector on one of his grievances. In that Decision, Assistant Chief Inspector Paul A. Shoemaker states, "I reviewed your grievance and appeal regarding allegations of inappropriate medical attention, inappropriate medical co-payment and the Inspector's investigation and response." (Compl. Ex. 1) The Decision does not contain information concerning the specific allegations of the underlying

grievances. It is therefore impossible to determine against whom the grievance was asserted and whether the grievance encompassed some or all of Mr. Kimmie's claims. Mr. Kimmie also includes in his complaint claims of retaliation and conspiracy. Those allegations must also be submitted through the grievance process. There is no mention of these claims in the Decision. Moreover, Mr. Kimmie does not remedy these deficiencies by including specific allegations of exhaustion of administrative remedies. He states, "I filed Informal Complaint, Grievance and Appeal. Informal Complaint and Grievance were dismissed and not responded to. The Appeals still have not been responded to." (Compl. at 2.) The inmate bears the burden of demonstrating exhaustion of administrative remedies at the time he filed his complaint in federal court. Brown, 139 F.3d at 1104. Mr. Kimmie has not satisfied that burden.

*Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

   s/John R. Adams 12/7/05
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4